IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-00397-MEH

RYAN CHANG,

    Petitioner,

v.

OUTER RANGE, INC., STEVEN LEE CLEGHORN, and EMILY CLEGHORN,

    Respondents.

---

**UNOPPOSED MOTION TO RESTRICT PUBLIC ACCESS
TO CONFIDENTIAL INFORMATION AND DOCUMENTS**

---

Pursuant to D.C.COLO.LCiv.R 7.2, Petitioner Ryan Chang moves to restrict public access to the unredacted version of his Petition to Confirm Arbitration Award ("Petition"), the unredacted version of the related Proposed Order, and the full-text of three documents filed in support of the Petition. (*See* ECF No. 2 (Restricted Documents – Level 1).)[1]

**LEGAL STANDARD**

D.C.COLO.LCivR 7.2(a) recognizes a presumption of public access to all documents filed with the court. Despite that presumption, restriction is warranted in certain circumstances.

---

[1] Undersigned counsel conferred with Respondents' counsel regarding this motion by telephone on February 20, 2024. *See* D.C.COLO.LCiv.R 7.1(a). Respondents do not oppose the relief sough herein. Further, through email conferral, counsel for Respondents "demand[ed] that Mr. Chang take all efforts to restrict the documents that he filed" and indicated that "[i]f they are made public, [his] clients will pursue all available relief."

1

D.C.COLO.LCivR 7.2 outlines the procedure for filing restricted documents and specifies that a motion to restrict public access must:

1) identify the document or the proceeding for which restriction is sought;

2) address the interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restriction);

3) identify a clearly defined and serious injury that would result if access is not restricted;

4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); and

5) identify the level of restriction sought.

D.C. COLO.LCivR 7.2 (c).

## ARGUMENT

The Court should grant Mr. Chang's motion to restrict public access to information and documents that are subject to contractual restrictions on disclosure. Specifically, Mr. Chang seeks Level 1 restriction—which limits access to the parties and the court, D.C.COLO.LCivR 7.2(b)—for the unredacted version of his Petition (ECF No. 2 - Petition) and the unredacted version of the related Proposed Order (ECF No. 2-4 - Proposed Order). Each of these documents contains the amount of the Final Award that Justice Rice issued in the underlying arbitration proceeding or information from which the amount of the Final Award can be ascertained. The Petition further contains extensive quotations from the Final Award and specific information about the relief granted. In addition, Mr. Chang seeks Level 1 restriction for the full text of three documents filed in support of his Petition ("Supporting Documents"):

- the Ruling and Judgment containing the Final Award that Justice Rice issued in the underlying arbitration proceeding (ECF No. 2-1 - Ex. A (Final Award));

- the extensive Index of Factual Findings that the Ruling and Judgment adopts in its entirety (ECF No. 2-2 - Ex. B (Index of Factual Findings)); and

- the Second Amended and Restated Shareholder Agreement of Outer Range, Inc. (ECF No. 2-3 - Ex. C (Shareholder Agreement)).

The unredacted Petition and the unredacted Proposed Order, as well as the Supporting Documents, contain information arguably protected from disclosure under the Shareholder Agreement, which is binding on Mr. Chang and Respondents.

The Shareholder Agreement contains two relevant provisions: a confidentiality provision and a dispute-resolution provision.

*Article 11 – Confidentiality:* The confidentiality provision states that, subject to certain exceptions, parties to the agreement "shall not, in any manner, make known, disclose, divulge or communicate the substance of any negotiations for, *or the terms and conditions of this Agreement* to any Persons, whatsoever." Ex. C at 23 (Art. 11) (emphasis added). The provision, however, contains an enforcement carve-out, such that it "shall not apply to information which . . . (3) is required to be disclosed in order to enforce the provisions of this Agreement." *Id.* at 24. There is no explanation or illustration of the type of information contemplated by the enforcement carve-out. A party who breaches the confidentiality provision subjects itself to potential legal action. *Id.*

*Article 21 – Dispute Resolution:* The dispute-resolution provision applies broadly to any unresolved "dispute of any kind aris[ing] out of, in connection with, or relating to this Agreement or the operations of the Corporation hereunder (including any dispute concerning its construction, performance, or breach." *Id.* at 31 (Art. 21.1). Under this provision "[a]ll documents, discovery,

3

and other information related to any such dispute, and the attempts to resolve or arbitrate such dispute, will be kept confidential to the fullest extent possible." *Id.*

Level 1 restriction of the aforementioned information and documents is necessary here to ensure that Mr. Chang complies with the Shareholder Agreement and to protect him from potential liability for simply seeking to confirm a favorable arbitration award. Mr. Chang believes that the redactions in the Petition and in the Proposed Order comply with the Shareholder Agreement. During conferral, counsel for Respondents agreed. These documents disclose only the information from the Shareholder Agreement that is necessary to petition the Court to confirm (or enforce) the Final Award, and the targeted redactions protect from disclosure substantive details of the arbitration proceeding, including the specifics of the Final Award. Because the redacted information in these documents is targeted and hews closely to the restrictions on disclosure in the Shareholder Agreement, Level 1 restriction of the unredacted Petition and the unredacted Proposed Order is the least restrictive alternative.

Similarly, Mr. Change believes that restricting access to the full text of the Supporting Documents complies with the Shareholder Agreement because those documents contain materials that are facially protected from disclosure under the Shareholder Agreement but nonetheless required to support his Petition under the Federal Arbitration Act. *See* 9 U.S.C. § 13 (a party moving for an order to confirm an award "shall" file, *inter alia*, the arbitration agreement and the award). Filing these required documents publicly, however, could subject Mr. Chang to liability for breaching the Shareholder Agreement. Further, no alternative to restricting the full text of these documents is practicable. This motion and the Petition contain short quotes and summaries of information from the Supporting Documents that is necessary to enforce the Final Award. It would

4

be cumbersome and unhelpful to redact all portions of the three at-issue documents *except* for those portions that reflect the limited information Mr. Chang has already quoted or summarized—indeed, the result would be documents that are almost entirely redacted. Mr. Chang respectfully suggests that the more practical approach is to fully restrict the Supporting Documents.

## CONCLUSION

For these reasons, Mr. Chang's interest in complying with the Shareholder Agreement and in avoiding potential liability for breaching that agreement outweigh the presumption of public access to the unredacted Petition, the unredacted Proposed Order, the Final Award, the Index of Factual Findings, and the Shareholder Agreement. The Court should grant the motion and apply Level 1 restriction to these documents.

Dated: February 22, 2024.    Respectfully submitted,

*s/ Laura J. Ellis*
Laura J. Ellis (#44853)
Keller Law, LLC
584 Yampa Avenue
Craig, CO 81625
Telephone: (720) 778-3994
Email: lellis@kellerlawllc.com

*Attorney for Petitioner Ryan Chang*

5

**CERTIFICATE OF SERVICE (CM-ECF)**

I certify that on February 22, 2024, I filed the foregoing document with the Clerk of the Court for the District of Colorado using the CM/ECF system, which will send notification of such filing to all CM/ECF users associated with this case:

N/A

I further certify that I served the foregoing document on the following non-CM/ECF participants via e-mail:

Michael Laszlo - mlaszlo@laszlolaw.com
Theodore Laszlo - tlaszlo@laszlolaw.com
*Counsel for Respondents*

*s/ Jessica Underwood*
*Paralegal*
Keller Law, LLC

6