**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Regina M. Rodriguez**

Civil Action No. 24-cv-00397-RMR-CYC

RYAN CHANG,

Petitioner/Arbitration Respondent,

v.

OUTER RANGE, INC.,
STEVEN LEE CLEGHORN, and
EMILY CLEGHORN,

Respondents/Arbitration Claimants.

---

# ORDER ADOPTING MAGISTRATE JUDGE RECOMMENDATION

---

This matter is before the Court on the Recommendation of United States Magistrate Judge Cyrus Y. Chung entered on May 29, 2026, ECF No. 107, addressing the parties' Joint Motion to Administratively Close Case, ECF No. 105. Magistrate Judge Chung recommends motion be denied. Petitioner Ryan Chang ("Petitioner") timely filed an objection to the Recommendation. ECF No. 108. The Court has received and considered the Recommendation, the Objection, and the record as a whole. For the reasons stated below, the Court overrules the Petitioner's objection and adopts the Recommendation.

## I. LEGAL STANDARD

The Court is required to make a de novo determination of those portions of a magistrate judge's recommendation to which a specific, timely objection has been made,

and it may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

## II. ANALYSIS

The parties in this case filed a Joint Notice of Settlement on December 9, 2025. ECF No. 103. The Court ordered the parties to file appropriate dismissal documents no later than January 8, 2026. ECF No. 104. Rather than file dismissal documents, the parties filed the instant Joint Motion for Order to Administratively Close Case. ECF No. 105. In the Joint Motion, the parties acknowledged their non-compliance with the Court's order and requested the Court administratively close this matter pursuant to D.C.COLO.LCivR 41.2 "because administrative closure is most consistent with the parties' settlement agreement." ECF No. 105 at 2.

Magistrate Judge Chung recommends the Court deny the Joint Motion, because "the parties do not provide any reason as to why the Court should retain jurisdiction to enforce the settlement agreement." ECF No. 107 at 2. In particular, Magistrate Judge Chung notes that the "enforcement of the settlement agreement is for state courts, unless

there is some independent basis for federal jurisdiction." *Id.* (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 382 (1994)). Petitioner argues that Recommendation erred in applying *Kokkonen*. ECF No. 108 at 4-5.

Petitioner points to *Farmer v. Banco Popular of N. Am.*, 791 F.3d 1246, 1254 (10th Cir. 2015), which compares *Kokkonen* to *Hardage*. In *Hardage*, the Tenth Circuit explained that "while the underlying litigation remains pending, a district court has the power to summarily enforce a settlement agreement entered into by the litigants." *United States v. Hardage*, 982 F.2d 1491, 1496 (10th Cir.1993). On the other hand, *Kokkonen* holds that a district court lacks jurisdiction to enforce a settlement agreement where the case is voluntarily dismissed and the order of dismissal does not mandate the parties' compliance with the settlement agreement. Petitioner suggests *Hardage* applies, because the instant district court case remains pending. However, *Hardage* merely states that "[a] trial court *has the power* to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it." *United States v. Hardage*, 982 F.2d 1491, 1496 (10th Cir. 1993). *Hardage* does not require the district court to enforce a settlement agreement. The parties in *Hardage* informed the district court that they reached a settlement. *Id.* at 1495. The district court "held a hearing to determine if all the claims had been settled thereby rendering the trial unnecessary" and certain terms of the settlement agreement were read into the record. *Id.* In this case, the Court has not adjudicated the validity of the settlement agreement nor is it aware of the settlement agreement's terms. Therefore, the Court is not persuaded that *Hardage* requires the Court to enforce the settlement agreement or administratively close this case.

Petitioner also suggests that administrative closure furthers the interests of justice. However, rather than enter judgment in this seemingly resolved case, the Court is burdened by the parties' hypothetical concern over possible future breach of the settlement agreement. As Magistrate Judge Chung states, "[i]f the terms of the settlement are breached, relief is appropriate via a breach of contract action in state court." ECF No. 107 at 2 (citing *Benning v. Georgia*, No. CV 602-139, 2018 WL 5283446, at *2 (S.D. Ga. Oct. 24, 2018)). Until then, all that is apparent to the Court is that the parties in this case failed to comply with the Court's explicit order to file appropriate dismissal documents no later than January 8, 2026. ECF No. 104. While the parties acknowledge their non-compliance, they still have not filed dismissal documents over eight months later. The parties shall file dismissal documents on or before September 2, 2026, or the case will be dismissed for failure to prosecute.

## III. CONCLUSION

Accordingly, the Court ORDERS:

1. Plaintiff's Objection to the Recommendation, ECF No. 108, is OVERRULED;
2. The Recommendation, ECF No. 107, is ACCEPTED AND ADOPTED;
3. The Joint Motion to Administratively Close Case, ECF No. 105, is DENIED; and
4. The parties are ORDERED to file dismissal papers by close of business September 2, 2026. If the parties again fail to file dismissal documents by this deadline, the case will be dismissed for failure to prosecute.

DATED: August 19, 2026

BY THE COURT:

________________________________
REGINA M. RODRIGUEZ
United States District Judge